| PROB 22 (Rev. 01/24) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 1:15CR10031-1-LTS |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 25-cr-89-PB-TSM |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Massachusetts | |
| Daniel Thibeault District of New Hampshire | NAME OF SENTENCING JUDGE | |
| | Honorable  Leo T. Sorokin | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 03/08/2023 | TO 03/07/2026 |

| OFFENSE |
|---|
| Count 1: Securities Fraud, in violation of 15 U.S.C. § 78j(b) & 78ff(a) Count 8: Aiding and Abetting Obstruction of Justice, in violation of 18 U.S.C. § 1512(c |

| JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision) |
|---|
| Mr. Thibeault is currently residing in the D/NH  and does not plan on returning to the D/MA. |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____  DISTRICT OF  Massachusetts

　　　　IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the District of New Hampshire _____  upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 11/7/2025 | /s/ Leo T. Sorokin |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____  DISTRICT OF  New Hampshire

　　　　IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| November 17, 2025 | SDElliott |
|---|---|
| *Effective Date* | *United States District Judge* |

AO 245B (Rev. 10/15)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>DANIEL THIBEAULT | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1: 15 CR 10031  - 1  - LTS**<br><br>USM Number:  96505-038<br><br>Timothy Watkins<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 -Securities Fraud, and count 8 - Obstruction of justice

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15§78j(b) & 78ff(a) | Securities Fraud | 12/31/14 | 1 |
| 18§1512(c) | Aiding and Abetting<br>Obstruction of Justice | 12/08/14 | 8 |

    The defendant is sentenced as provided in pages 2 through _____1_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2 through 7      ☐ is   ☑ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/16/2016
Date of Imposition of Judgment

*[signature]*
Signature of Judge

The Honorable Leo T. Sorokin
Judge, U.S. District Court
Name and Title of Judge

*June 20, 2016*
Date

AO 245B (Rev. 10/15)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:  DANIEL THIBEAULT
CASE NUMBER:  **1: 15  CR  10031  - 1   - LTS**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      108      month(s)

☑  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends placement in a location in or near Indiana where family will be residing.
The Court recommends participation in the BOP's Residential Drug Abuse Program due to the defendant's substance abuse history and based on an informal pre- screening performed by the Probation Office.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐  a.m.  ☐  p.m.    on    _____  .

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑  before 2 p.m. on    7/28/2016  .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  7

DEFENDANT:  DANIEL THIBEAULT
CASE NUMBER:  1: 15 CR 10031  - 1  - LTS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  3  year(s)

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 10/15) Judgment in a Criminal Case
      Sheet 3A — Supervised Release

Judgment—Page   4   of   7  

DEFENDANT:   DANIEL THIBEAULT
CASE NUMBER:   **1: 15 CR  10031   - 1    - LTS**

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not commit another federal, state, or local crime, and shall not illegally possess a controlled substance.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the Probation Office.

3. The defendant shall submit to the collection of a DNA sample as directed by the Probation Office

4. The defendant shall comply with the standard conditions that have been adopted by the Court which are described at USSG §5D1.3(c) and will be set forth in detail on the judgment.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page  5  of  7

DEFENDANT: DANIEL THIBEAULT
CASE NUMBER: **1: 15 CR 10031 - 1 - LTS**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

2. The defendant is prohibited from engaging in an occupation, business, or profession that would require or enable him to make financial investments, handle client funds, or issue loans.

3. The defendant is to pay the balance of the restitution imposed according to a court-ordered repayment schedule.

4. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

5. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

6. The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

7. The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

8. The defendant shall make restitution in the total amount of $15,300,403 to the Trustees of the GL Beyond Income Fund as a third party payee. The Trustees will then be obligated to distribute the restitution to the Fund's victims pursuant to 18 U.S.C. § 3664(j)(1).

AO 245B (Rev. 10/15) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT:   DANIEL THIBEAULT
CASE NUMBER:   **1: 15 CR 10031 - 1 - LTS**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $   200.00 | $   0.00 | $   15,300,403.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Trustees of the GL Beyond Income Fund | | $15,300,403.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $    0.00 | $   15,300,403.00 | |

☑   Restitution amount ordered pursuant to plea agreement  $   15,300,403.00

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

    ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page    7    of    7

DEFENDANT:  DANIEL THIBEAULT
CASE NUMBER:    1: 15 CR 10031  - 1   - LTS

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

     ☐  not later than _____ , or
     ☐  in accordance   ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
     term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
     imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

     Payment of the restitution shall begin immediately and shall be made according to the requirements of the Federal
     Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a
     court-ordered repayment schedule during the term of supervised release. All restitution payments shall be made to
     the Clerk, U.S. District Court

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

     $15,300,403.00 in United States currency

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 15cr10031 |
| | ) |
| v. | ) Violations: |
| | ) |
| DANIEL THIBEAULT | ) Securities Fraud |
| | ) (15 U.S.C. §§ 78j(b) & 78ff; |
| | ) 17 C.F.R. § 240.10b-5) |
| | ) |
| | ) Wire Fraud |
| | ) (18 U.S.C. § 1343) |
| | ) |
| | ) Aggravated Identity Theft |
| | ) (18 U.S.C. § 1028A) |
| | ) |
| | ) Obstruction of Justice |
| | ) (18 U.S.C. § 1512(c)) |
| | ) |
| | ) Aiding and Abetting |
| | ) (18 U.S.C. § 2) |
| | ) |
| | ) Criminal Forfeiture Allegation |
| | ) (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. |
| | ) § 2461(c)) |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At times relevant to this Indictment:

1.   Defendant DANIEL THIBEAULT was an individual who resided in

Massachusetts.

2.   THIBEAULT was the president, chief executive officer and principal owner of

Graduate Leverage, LLC, an asset management and financial advisory firm based in Waltham,

Massachusetts.

3.     Graduate Leverage did business under several different names and through several affiliated entities, including GL Capital Partners, LLC and GL Investment Services, LLC (collectively, "GL"). Both GL Capital Partners and GL Investment Services were investment advisers registered with the Securities and Exchange Commission ("SEC").

4.     GL Capital Partners was the investment adviser of the Beyond Income Fund ("the Fund"), a closed-end interval fund owned and operated by GL. THIBEAULT was one of the portfolio managers of the Fund.

5.     According to promotional materials and securities filings, the Fund's strategy involved investing in variable rate consumer loans, which loans the Fund would either make directly or purchase from other entities. The promotional materials and securities filings provided that the Fund's capital would be invested in loans to individual consumers, and the interest the Fund collected on those loans would be used to pay dividends to the Fund's shareholders, after deducting the Fund's annual operating expenses, which would be capped at three percent of its average daily value. The documents provided that the dividend income would automatically be reinvested in additional shares of the Fund, unless shareholders elected to receive their distributions in cash.

6.     Taft Financial Services, LLC ("Taft") was a limited liability company formed under the laws of South Dakota. Although THIBEAULT was not an owner or officer of Taft, Taft operated at THIBEAULT's direction and under his effective control. THIBEAULT caused Taft to be formed as a special-purpose vehicle, ostensibly for the purpose of issuing individual consumer loans at GL's direction, which loans Taft would then sell to the Fund.

2

## The Scheme to Defraud

7.    Beginning in or about February 2013 and continuing through in or about

December 2014, THIBEAULT devised and intended to devise a scheme and artifice to defraud

and to obtain money from the Fund by causing the Fund to issue fictitious loans in the names of

numerous of THIBEAULT's friends and acquaintances. In fact, the individuals in whose names

the loans were issued had not sought the loans, had no knowledge of them, and did not receive

any of the loan proceeds. Instead, THIBEAULT used the bogus loans to conceal his diversion of

money from the Fund, via Taft, into a GL bank account. From that account, THIBEAULT

caused the money to be used, among other things, to pay the operating expenses of GL and its

affiliated entities, to pay for THIBEAULT's personal expenses, and to make interest payments

on fictitious loans THIBEAULT had previously caused to be issued. This use of investor money

was contrary to GL's representations to the Fund's actual and prospective investors, and was not

disclosed to them.

## Manner and Means of the Fraud

### A. The Beyond Income Fund

8.    In marketing materials and securities filings, GL described the Beyond Income

Fund as investing principally in consumer loans that satisfied GL's proprietary underwriting

standards and that represented a reasonable credit risk. GL indicated that an investment

committee would review "each potential Fund investment."

9.    For example, a prospectus for the Fund, dated June 2014, set forth the Fund's

objective as "investing primarily in individual variable-rate interest income-producing debt

securities (i.e. loans made to individuals that are represented by a note (the 'security'))." It

stated: "The Fund does not primarily invest in pools of notes, but rather note-by-note. The Fund

3

acquires notes in both the secondary market and through direct origination with individuals." The prospectus further indicated that the Fund's investment strategy involved "select[ing] securities by identifying note issuers that [GL Capital Partners] believes have satisfactory credit quality – those able and willing to repay their interest and principal." It explained: "When evaluating credit quality the Adviser [GL Capital Partners] uses a proprietary underwriting (credit review) model that relies on inputs such as commercial credit scores and Adviser-generated assessments of an issuer's total debt burden relative to income, other sources of repayment such as liquid assets, payment history including delinquencies and defaults."

10. The June 2014 prospectus further stated:

> The Adviser seeks to reduce default risk by focusing on issuers that it believes are less susceptible to economic downturns such as medical doctors, dentists, veterinarians, attorneys and business owners. It also seeks [to] control risk by diversifying among issuers in various geographic regions. The Adviser seeks to reduce interest rate risk by selecting variable rate notes that are expected to have low price sensitivity to rising interest rates. The Adviser is supported by a research staff as well as by an investment committee that reviews each potential Fund investment.

11. Similarly, in a press release issued on or about July 15, 2014, GL described the Fund as consisting "primarily of individual variable rate consumer loans," and noted that "[p]roprietary loan sourcing channels allow GL Capital to include loans made to young doctors, dentists, attorneys, and other professionals with degrees from top institutions." The press release stated: "At a time of great economic risks, investors seeking any meaningful yield have been forced to assume substantial credit and interest rate risks. The goal of the GL Beyond Income Fund is to provide an opportunity to investors seeking income without high levels of interest rate and credit exposure."

4

12.     Initially, the Beyond Income Fund purported to be open only to a select group of investors. GL directed a percentage of the assets of the firm's investment advisory clients into the Fund, and also promoted the Fund to the friends and family of GL employees. In or about July 2014, GL announced that the Fund was open to the general public.

B. The "TA" or "Jumbo" Loans

13.     Each loan in the Fund was assigned a unique number and letter code that, among other things, identified the borrower and the loan program type. In the June 2014 Prospectus, GL indicated that the average size of individual loans in the Fund would range between $20,000 and $50,000.

14.     Typically, for loans that were part of the Fund, GL directed the Fund's custodial bank to wire money to a transactional bank, which in turn issued a loan to the consumer. In return, the Fund's custodial bank received and held a promissory note obligating the consumer to repay the loan pursuant to certain specified terms. The loans were then monitored and serviced by GL staff.

15.     Beginning no later than approximately February 2013, THIBEAULT caused the Fund to issue several dozen loans, with values of hundreds of thousands of dollars, in the names of individuals who were his personal friends or acquaintances. For these loans, which were many times larger than any of the other loans held by the Fund, THIBEAULT caused the Fund's custodial bank to send the money, via wire transfers in interstate commerce, not to a transactional bank, but rather to an account at Bank of America in the name of Taft Financial Services, LLC, a limited liability company that was purportedly controlled by a third party but actually controlled by THIBEAULT, and that issued loans on behalf of the Fund. The loans

5

were identified in GL's records with the program code "TA," and were referred to by GL employees as "jumbo" loans.

16. In contrast to the other loans held by the Fund, the Fund's custodial bank did not receive the promissory notes that corresponded to most of the TA loans until months after they were issued – or, in some cases, ever. In addition, THIBEAULT directed GL's staff not to service the TA loans, telling them that he would do so personally.

17. In the Fund's annual report, which itemized its holdings, the Fund set forth, for each of the TA loans, its principal amount, the applicable interest or "coupon" rate, the maturity date, and the resulting overall value of the loan.

18. By in or about December 2014, the Fund held approximately 40 TA loans, having a combined dollar value of close to $16 million, and accounting for more than 40 percent of the total assets purportedly held by the Fund.

19. Many if not all of the TA loans were fictitious. The individuals in whose names those loans were issued never applied to borrow money from GL, did not execute promissory notes for the loans, were unaware that the loans had been issued in their names, and did not receive the proceeds of the loans.

20. Instead, at THIBEAULT's direction, the money that was disbursed by the Fund's custodian to Taft – ostensibly for the purpose of issuing the TA loans to the consumers who had purportedly applied for them – was forwarded from Taft's account at Bank of America, via wire transfers in interstate commerce, to a GL operating account at TD Bank. From there, the money was used, at THIBEAULT's direction, to pay, among other things, GL's operating expenses and certain of THIBEAULT's personal expenses. Some of the money was also transferred to THIBEAULT's personal bank account.

6

21. On at least some occasions, in a further effort to conceal his fraud scheme,

THIBEAULT caused the Fund to issue new TA loans in order to generate money that was then used to make interest payments on fictitious TA loans THIBEAULT had previously caused the Fund to issue.

C. The SEC Examination

22. On or about December 4, 2014, the SEC opened a formal investigation into possible fraud at the Beyond Income Fund.

23. On or about December 8, 2014, SEC staff initiated an unannounced examination at GL's offices in Waltham, Massachusetts. During the examination, the staff interviewed THIBEAULT.

24. During the interview, THIBEAULT made numerous statements to SEC staff that were false, misleading, and deceptive, for the purpose of obstructing the SEC's examination.

25. For example, THIBEAULT stated, in sum and in substance, and in part, that the TA loans in the Beyond Income Fund were issued to individual consumers, even though, as THIBEAULT then and there knew and believed, many, if not all of the TA loans were fictitious, and the individuals in whose names those loans were issued knew nothing about them.

26. During the interview, THIBEAULT also stated, in sum and in substance, and in part, that the proceeds of the TA loans issued by the Fund went exclusively to the borrowers listed on the associated promissory notes, or to creditors of those borrowers to pay off existing debts, even though, as THIBEAULT then and there knew and believed, the proceeds of many, if not all of the TA loans were directed into a GL operating account and were used, at THIBEAULT's direction, to pay, among other things, GL's operating expenses and certain of THIBEAULT's personal expenses.

7

27.      During the interview, THIBEAULT further stated, in sum and in substance, and

in part, that neither THIBEAULT nor GL ever made interest or principal payments on any TA

loans in the Fund, even though, as THIBEAULT then and there knew and believed,

THIBEAULT caused money from GL's operating account – including money from fictitious

loans that THIBEAULT caused the Fund to issue or acquire – to be to be used, among other

things, to make interest payments on fictitious loans THIBEAULT had previously caused to be

issued.

8

## COUNT ONE
(Securities Fraud)

28.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment and further charges that:

29.     From in or about and between February 2013 and December 2014, in the District of Massachusetts and elsewhere, the defendant,

### DANIEL THIBEAULT,

did knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities in contravention of Rule 10b-5 (17 C.F.R. § 240.10b-5) of the Rules and Regulations promulgated by the United States Securities and Exchange Commission, and did (a) employ a device, scheme, and artifice to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and a course of business which would and did operate as a fraud and deceit, in connection with the purchase and sale of securities, to wit, shares in the GL Beyond Income Fund.

All in violation of Title 15, United States Code, Sections 78j(b) & 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

9

## COUNTS TWO THROUGH FOUR
(Wire Fraud)

30.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27

of this Indictment and further charges that:

31.     On or about the dates set forth below, in the District of Massachusetts and

elsewhere, the defendant,

## DANIEL THIBEAULT,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money

and property by means of materially false and fraudulent pretenses, representations, and

promises, did transmit and cause to be transmitted by means of wire communications in

interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of

executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Wire |
|-------|------------------|------|
| 2 | 4/5/2013 | Transfer of $764,221 from Union Bank account xxxxxx4880, in the name of the GL Beyond Income Fund, to Bank of America account xxxxxxxx9490, in the name of Taft Financial Services, LLC, purportedly, in part, for a loan issued to Z.W., together with associated notices, account updates and acknowledgments |
| 3 | 5/22/2013 | Transfer of $471,441 from Union Bank account xxxxxx4880, in the name of the GL Beyond Income Fund, to Bank of America account xxxxxxxx9490, in the name of Taft Financial Services, LLC, purportedly for a loan issued to C.B., together with associated notices, account updates and acknowledgments |
| 4 | 9/30/2014 | Transfer of $647,382 from Union Bank account xxxxxx4880, in the name of the GL Beyond Income Fund, to Bank of America account xxxxxxxx9490, in the name of Taft Financial Services, LLC, purportedly for a loan issued to A.O., together with associated notices, account updates and acknowledgments |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE
### (Aggravated Identity Theft)

33.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27

of this Indictment and further charges that:

34.    On or about April 5, 2013, in the District of Massachusetts and elsewhere, the

defendant,

### DANIEL THIBEAULT,

did knowingly transfer, possess, and use, without lawful authority, means of identification of

another person, to wit, the name of Z.W., during and in relation to the violation of 18 U.S.C.

§ 1343 (Wire Fraud), charged in Count 2 of this Indictment.

All in violation of Title 18, United States Code, Sections 1028A and 2.

11

## COUNT SIX
### (Aggravated Identity Theft)

35. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment and further charges that:

36. On or about May 22, 2013, in the District of Massachusetts and elsewhere, the defendant,

### DANIEL THIBEAULT,

did knowingly transfer, possess, and use, without lawful authority, means of identification of

another person, to wit, the name of C.B., during and in relation to the violation of 18 U.S.C.

§ 1343 (Wire Fraud) charged in Count 3 of this Indictment.

All in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT SEVEN
### (Aggravated Identity Theft)

37.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27

of this Indictment and further charges that:

38.     On or about September 30, 2014, in the District of Massachusetts and elsewhere,

the defendant,

### DANIEL THIBEAULT,

did knowingly transfer, possess, and use, without lawful authority, means of identification of

another person, to wit, the name of A.O., during and in relation to the violation of 18 U.S.C.

§ 1343 (Wire Fraud) charged in Count 4 of this Indictment.

All in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT EIGHT
### (Obstruction of Justice)

39.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment and further charges that:

40.    On or about December 8, 2014, in the District of Massachusetts, the defendant,

### DANIEL THIBEAULT,

did knowingly and corruptly obstruct, influence, and impede an official proceeding, and attempted to do so, by making false and misleading representations to the Securities and Exchange Commission concerning the GL Beyond Income Fund, to wit: that the TA loans in the Fund were issued to individual consumers; that the proceeds of those loans went exclusively to the borrowers listed on the associated promissory notes, or to creditors of those borrowers to pay off existing debts; and that neither THIBEAULT nor GL ever made interest or principal payments on any TA loans.

All in violation of Title 18, United States Code, Section 1512(c).

## CRIMINAL FORFEITURE ALLEGATION

42.     Upon conviction of one or more of the offenses charged in Counts One through Four and Eight of this Indictment, the defendant,

### DANIEL THIBEAULT,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

43.     If any of the property described in paragraph 42 above, as a result of any act or omission by the defendant,

- a. cannot be located upon the exercise of due diligence;

- b. has been transferred or sold to, or deposited with, a third party;

- c. has been placed beyond the jurisdiction of the Court;

- d. has been substantially diminished in value; or

- e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 42 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

STEPHEN E. FRANK
BRIAN A. PÉREZ-DAPLE
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS, February 25, 2015

Returned into the District Court by the Grand Jury Foreperson and filed.

Steve York
Deputy Clerk

2 - 25 - 15

1: 50 P.M.

16

# United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-10031-LTS-1

Case title: USA v. Thibeault                    Date Filed: 02/25/2015

Magistrate judge case number: 1:14-mj-06121-MPK          Date Terminated: 06/20/2016

---

Assigned to: District Judge Leo T. Sorokin

**Defendant (1)**

**Daniel Thibeault**
*TERMINATED: 06/20/2016*

represented by  **Timothy G. Watkins**
Federal Defender Office
District of Massachusetts
Western Massachusetts Satellite Office
1 Federal Street
Bldg. 101, Suite 3w
Springfield, MA 01105
617-223-8061
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Jonathan L. Kotlier**
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604
617-439-2000
Fax: 617-310-9683
Email: jkotlier@nutter.com
*TERMINATED: 07/13/2015*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Matthew J. Connolly**
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604
617-439-2150
Fax: 617-310-9150
Email: mconnolly@nutter.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 15:78j(b)&78ff(a)-SECURITIES FRAUD; 18:2-AIDING AND ABETTING (1) | The court sentences the defendant to a term of 108 months incarcerated on counts 1 and 8 to be served concurrently. 3 years of supervised release on counts 1and 8 to run concurrently. The defendant is ordered to make restitution in the amount of $15,300,403.00 to the Trustees of the GL fund. A $200.00 special assessment. |
| 18:1512(c)- OBSTRUCTION OF JUSTICE (8) | The court sentences the defendant to a term of 108 months incarcerated on counts 1 and 8 to be served concurrently. 3 years of supervised release on counts 1and 8 to run concurrently. The defendant is ordered to make restitution in the amount of $15,300,403.00 to the Trustees of the GL fund. A $200.00 special assessment. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1343 and 2- WIRE FRAUD (2-4) | Dismissed by the Government motion... |
| 18:1028A and 2- AGGRAVATED IDENTITY THEFT (5-7) | Dismissed by the Government motion... |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| 15:78j(b) & 78ff...Securities Fraud | |

---

**Interested Party**

**Town of Enfield NH Trustees of Trust of Funds**
*TERMINATED: 06/20/2016*

---

**Interested Party**

**Jennifer Jalbert**
*and other similarly situated*

represented by **Joshua N. Garick**
Law Offices of Joshua N. Garick, P.C.
34 Salem Street, Suite 202
Reading, MA 01867
(617) 600-7520
Fax: (617) 600-7430

Email: joshua@garicklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**                                    represented by   **Brian Perez-Daple**
United States Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3318
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Stephen Frank**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3244
Email: stephenfrank@quinnemanuel.com
*TERMINATED: 10/10/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Doreen M. Rachal**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3282
Email: doreen.rachal@usdoj.gov
*TERMINATED: 10/19/2018*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/11/2014 | 1 | SEALED COMPLAINT as to Daniel Thibeault (1). (Attachments: # 1 JS45, # 2 Affidavit Jennifer Hale Keenan)(Alves-Baptista, Antonia) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/11/2014 | 2 | MOTION to Seal Case as to Daniel Thibeault by USA. (Alves-Baptista, Antonia) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/11/2014 | 3 | Magistrate Judge M. Page Kelley: ENDORSED ORDER entered granting 2 Motion to Seal Case as to Daniel Thibeault (1) (Alves-Baptista, Antonia) [1:14-mj-06121-MPK] |

| | | |
|---|---|---|
| | | (Entered: 12/12/2014) |
| 12/11/2014 | 4 | Arrest Warrant Issued by Magistrate Judge M. Page Kelley as to Daniel Thibeault. (Alves-Baptista, Antonia) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/12/2014 | 5 | ELECTRONIC NOTICE of Case Assignment as to Daniel Thibeault; Magistrate Judge M. Page Kelley assigned to case. (Abaid, Kimberly) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/12/2014 | 6 | ELECTRONIC NOTICE OF HEARING as to Daniel Thibeault Initial Appearance set for 12/12/2014 12:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/12/2014 | 7 | Set/Reset Hearings as to Daniel Thibeault Initial Appearance set for 12/12/2014 12:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/12/2014 | | Case unsealed as to Daniel Thibeault per document number 2. (Alves-Baptista, Antonia) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/12/2014 | 8 | NOTICE OF ATTORNEY APPEARANCE: Allison D. Burroughs appearing for Daniel Thibeault. Type of Appearance: Retained. (Burroughs, Allison) [1:14-mj-06121-MPK] (Entered: 12/12/2014) |
| 12/12/2014 | 9 | Magistrate Judge M. Page Kelley: ORDER entered. ORDER Setting Conditions of Release as to Daniel Thibeault (1) 700,000.00 as to Daniel Thibeault. (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/16/2014) |
| 12/12/2014 | | Arrest of Daniel Thibeault (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/29/2014) |
| 12/12/2014 | 11 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:Initial Appearance as to Daniel Thibeault held on 12/12/2014. Defendant is released on conditions. A probable cause hearing is set for 1/2/2015. (Attorneys present: Frank,AUSA; Burroughs, deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - for transcripts or CDs email Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/29/2014) |
| 12/12/2014 | 12 | Appearance Bond Bond Entered as to Daniel Thibeault in amount of $ $700,000.00, (Secured by Equity in Residence) (Catino3, Theresa) [1:14-mj-06121-MPK] (Entered: 12/29/2014) |
| 12/26/2014 | 10 | ELECTRONIC NOTICE OF RESCHEDULING as to Daniel Thibeault Probable Cause Hearing set for 1/5/2015 02:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/26/2014) |
| 12/31/2014 | 13 | ELECTRONIC NOTICE CANCELING HEARING OR OTHER DEADLINE as to Daniel Thibeault. Hearing or Deadline canceled: 1/5/2015 (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 12/31/2014) |
| 01/06/2015 | 14 | District Judge Timothy S Hillman: ELECTRONIC ORDER entered. ORDER ON EXCLUDABLE DELAY as to Daniel Thibeault. Time excluded from 1/12/15 until 2/11/15. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Castles, Martin) [1:14-mj-06121-MPK] (Entered: 01/06/2015) |
| 01/07/2015 | 15 | NOTICE OF ATTORNEY APPEARANCE: Jonathan L. Kotlier appearing for Daniel Thibeault. Type of Appearance: Retained. (Kotlier, Jonathan) [1:14-mj-06121-MPK] (Entered: 01/07/2015) |

| | | |
|---|---|---|
| 02/04/2015 | 16 | NOTICE OF ATTORNEY APPEARANCE Brian Perez-Daple appearing for USA. (Perez-Daple, Brian) [1:14-mj-06121-MPK] (Entered: 02/04/2015) |
| 02/05/2015 | 17 | District Judge Timothy S Hillman: ELECTRONIC ORDER entered. ORDER ON EXCLUDABLE DELAY as to Daniel Thibeault. Time excluded from 2/11/15 until 3/4/15. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Castles, Martin) [1:14-mj-06121-MPK] (Entered: 02/05/2015) |
| 02/12/2015 | 18 | MOTION to Modify Conditions of Release as to Daniel Thibeault by USA. (Frank, Stephen) [1:14-mj-06121-MPK] (Entered: 02/12/2015) |
| 02/18/2015 | 19 | Opposition by Daniel Thibeault re 18 MOTION to Modify Conditions of Release (Kotlier, Jonathan) [1:14-mj-06121-MPK] (Entered: 02/18/2015) |
| 02/19/2015 | 20 | NOTICE OF ATTORNEY APPEARANCE: Matthew J. Connolly appearing for Daniel Thibeault. Type of Appearance: Retained. (Connolly, Matthew) [1:14-mj-06121-MPK] (Entered: 02/19/2015) |
| 02/19/2015 | 21 | REPLY TO RESPONSE to Motion by USA as to Daniel Thibeault re 18 MOTION to Modify Conditions of Release (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Frank, Stephen) [1:14-mj-06121-MPK] (Entered: 02/19/2015) |
| 02/20/2015 | 22 | ELECTRONIC NOTICE OF HEARING as to Daniel ThibeaultHearing on Motion to Modify Conditions of Release (#18) set for 2/24/2015 03:00 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. Defendant should attendthe hearing.(Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 02/21/2015) |
| 02/24/2015 | 23 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:granting 18 Motion to Modify Conditions of Release as to Daniel Thibeault (1); Motion Hearing as to Daniel Thibeault held on 2/24/2015 re 18 MOTION to Modify Conditions of Release filed by USA. Court Allows motion and adds two conditions to the originals set. Additional conditions:The defendant will refrain from issuing new loans to anyone through any means and the defendant shall have no contact with victims in this case unless attorney is present except for relatives.(Attorneys present: Frank, AUSA; Kotlier,Connolly,deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 02/25/2015) |
| 02/24/2015 | 24 | AMENDED ORDER Setting Conditions of Release as to Daniel Thibeault (1) as to Daniel Thibeault. (Lovett, Zita) [1:14-mj-06121-MPK] (Entered: 02/25/2015) |
| 02/25/2015 | 25 | INDICTMENT as to Daniel Thibeault (1) count(s) 1, 2-4, 5-7, 8. (Attachments: # 1 JS45) (Moore, Kellyann) (Entered: 02/25/2015) |
| 02/25/2015 | 26 | ELECTRONIC NOTICE of Case Assignment as to Daniel Thibeault; District Judge Leo T. Sorokin assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (Abaid, Kimberly) (Entered: 02/25/2015) |
| 02/25/2015 | 27 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. Order Referring Case to Magistrate Judge M. Page Kelley Reason for referral: Full Pretrial Proceedings as to Daniel Thibeault (Moore, Kellyann) (Entered: 02/25/2015) |
| 02/27/2015 | 28 | ELECTRONIC NOTICE OF HEARING as to Daniel Thibeault Arraignment set for 3/3/2015 02:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 02/27/2015) |

| 02/27/2015 | 29 | ELECTRONIC NOTICE OF RESCHEDULING as to Daniel Thibeault Arraignment set for 3/9/2015 10:30 AM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 02/27/2015) |
|---|---|---|
| 03/09/2015 | 30 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:Arraignment as to Daniel Thibeault (1) Count 1,2-4,5-7,8 held on 3/9/2015. Government recites maximum penalties. Court advises the defendant of his rights. Defendant enters plea of Not Guilty to all counts. An initial status conference is set for July 13, 2015 at 2:15 p.m. Government requests additionalcondition of release which the court approves. Additional condition: "Defendant shall not manage assets, provide investment advice, or engage in securities transaction for anyone other than his immediate family. Defendant shall not offer securities or other investments for purchaser or sale. Defendant shall not supervise anyone, directly or indirectly, who manages assets, provides investment advice, engages in securities transaction, or offers securities or other investments for purchase or sale. Defendant shall not engage in any activity related to the lending of money or servicing of loans(other than existing personal loans), or supervise anyone doing the same, other than to direct checks, other monies collected, loan-related inquiries to the Trustees ofthe GL Beyond Income Fund or their designated loan servicing agent." All time from today until July 13, 2015 is excluded under the Speedy Trial Act in the interests of justice. (Attorneys present: Frank, AUSA; Kotlier, Connolly, deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 03/09/2015) |
| 03/09/2015 | 31 | Magistrate Judge M. Page Kelley: ORDER entered. ORDER ON EXCLUDABLE DELAY as to Daniel Thibeault. Time excluded from 3/9/2015 until 7/13/2015. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Lovett, Zita) (Entered: 03/09/2015) |
| 03/18/2015 | 32 | STIPULATION re Return of Original Electronic Data and Admissibility of Duplicates by USA as to Daniel Thibeault (Frank, Stephen) (Entered: 03/18/2015) |
| 04/02/2015 | 33 | Assented to MOTION for Protective Order as to Daniel Thibeault by USA. (Attachments: # 1 Exhibit Proposed Order)(Frank, Stephen) (Entered: 04/02/2015) |
| 04/06/2015 | 34 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered granting 33 Motion for Protective Order as to Daniel Thibeault. Attached Order endorsed. (Kelley, M.) (Entered: 04/06/2015) |
| 04/07/2015 | 35 | Letter (non-motion) regarding Rule 16 Discovery as to Daniel Thibeault (Frank, Stephen) (Entered: 04/07/2015) |
| 04/08/2015 | 36 | Magistrate Judge M. Page Kelley: ORDER entered. PROTECTIVE ORDER as to Daniel Thibeault (Lovett, Zita) (Entered: 04/08/2015) |
| 04/16/2015 | 40 | MOTION to Unseal Document as to Daniel Thibeault. (Lovett, Zita) (Entered: 04/16/2015) |
| 04/16/2015 | 41 | Magistrate Judge M. Page Kelley: ORDER entered granting 40 Motion to Unseal Document as to Daniel Thibeault (1) (Lovett, Zita) (Entered: 04/16/2015) |
| 04/16/2015 | 42 | ELECTRONIC NOTICE OF HEARING as to Daniel Thibeault Initial Appearance set for 4/16/2015 11:00 AM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 04/16/2015) |
| 04/16/2015 | 43 | Set Hearings as to Daniel Thibeault Detention Hearing set for 4/17/2015 11:30 AM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 04/16/2015) |

| 04/17/2015 | 44 | Opposition by Daniel Thibeault re 40 MOTION to Unseal Document *and Revocation of Release (Dkt 41)* (Attachments: # 1 Exhibit)(Connolly, Matthew) (Entered: 04/17/2015) |
| --- | --- | --- |
| 04/17/2015 | 45 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:Detention Hearing as to Daniel Thibeault held on 4/17/2015, day 1; Hearing continued until April 22, 2015 at 2:45 p.m. (Attorneys present: Frank,Perez-Daple, AUSA; Connolly, deft..)Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 04/17/2015) |
| 04/17/2015 | 46 | Set/Reset Hearings as to Daniel Thibeault Detention Hearing set for 4/22/2015 02:45 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 04/17/2015) |
| 04/20/2015 | 47 | Transcript of Hearing as to Daniel Thibeault held on April 17, 2015, before Magistrate Judge M. Page Kelley. The Transcript may be purchased through Maryann Young at 508-384-2003, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name: No Reporter Used. Digital Recording transcribed by Maryann Young. Redaction Request due 5/11/2015. Redacted Transcript Deadline set for 5/21/2015. Release of Transcript Restriction set for 7/20/2015. (Entered: 04/20/2015) |
| 04/20/2015 | 48 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/caseinfo/transcripts.htm (Scalfani, Deborah) (Entered: 04/20/2015) |
| 04/20/2015 | 49 | Letter (non-motion) regarding Supplemental Rule 16 Discovery as to Daniel Thibeault (Frank, Stephen) (Entered: 04/20/2015) |
| 04/21/2015 | 50 | Letter (non-motion) regarding Supplemental Rule 16 Discovery as to Daniel Thibeault (Frank, Stephen) (Entered: 04/21/2015) |
| 04/22/2015 | 51 | Letter (non-motion) regarding Supplemental Rule 16 Discovery as to Daniel Thibeault (Frank, Stephen) (Entered: 04/22/2015) |
| 04/22/2015 | 52 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley: Detention Hearing as to Daniel Thibeault held on 4/22/2015. The government addressed the Court as to playing a recording in open Court. The defendant requested a continuation of the detention hearing in order to review the recording and newly submitted exhibits prior to the hearing. The Court grants the oral request to continue the hearing. The Court orders the defendant to inform the government of their position as to the recordings by 10:00 a.m. on 4/23/2015. The Detention Hearing has been continues to 4/23/2015 at 2:45 p.m. in Courtroom 24 before Magistrate Judge M. Page Kelley. (Attorneys present: Frank & Perez-Daple for Gov't; Kotlier & Connolly for the Deft;.) Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (York, Steve) (Entered: 04/22/2015) |
| 04/23/2015 | 54 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:Detention Hearing as to Daniel Thibeault held on 4/23/2015. Court takes matter under advisement. Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Russo, Noreen) (Entered: 04/23/2015) |

| 04/28/2015 | 55 | Supplemental MEMORANDUM in Opposition by Daniel Thibeault re 40 MOTION to Unseal Document *and 41 Motion for Revocation of Release* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Connolly, Matthew) (Entered: 04/28/2015) |
| --- | --- | --- |
| 04/29/2015 | 56 | Letter (non-motion) regarding Supplemental Rule 16 Discovery as to Daniel Thibeault (Frank, Stephen) (Entered: 04/29/2015) |
| 04/29/2015 | 57 | Supplemental MEMORANDUM in Support by USA as to Daniel Thibeault re 40 MOTION to Unseal Document *and 41 Motion for Revocation of Release* (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K, # 4 Exhibit L, # 5 Exhibit M, # 6 Exhibit N, # 7 Exhibit O)(Frank, Stephen) (Entered: 04/29/2015) |
| 04/29/2015 | 58 | Supplemental Opposition by Daniel Thibeault re 40 MOTION to Unseal Document *and 41 Motion for Revocation of Release* (Attachments: # 1 Exhibit E)(Connolly, Matthew) (Entered: 04/29/2015) |
| 05/04/2015 | 59 | ELECTRONIC NOTICE OF HEARING as to Daniel ThibeaultHearing (re: new conditions of release) set for 5/5/2015 09:00 AM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 05/04/2015) |
| 05/05/2015 | 60 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:Hearing: re Modify Conditions of Release as to Daniel Thibeault held on 5/5/2015. Defendant is ordered released on conditions. (Attorneys present: Frank,Perez-Daple,AUSA; Kotlier,Connolly,deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 05/05/2015) |
| 05/05/2015 | 61 | ORDER Setting Conditions of Release as to Daniel Thibeault (1). (Lovett, Zita) (Entered: 05/05/2015) |
| 05/06/2015 | 62 | MOTION to Withdraw as Attorney by Jonathan L. Kotlier as to Daniel Thibeault. (Kotlier, Jonathan) (Entered: 05/06/2015) |
| 05/12/2015 | 63 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered. as to Daniel Thibeault re:sealed motion # 53: Given defendant's representations at a sealed hearing concerning this motion, held on 4/23/15, this motion is denied as moot, as defendant, with independent counsel, informs the Court that he withdraws the motion." (Lovett, Zita) (Entered: 05/12/2015) |
| 05/12/2015 | 64 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered. as to Daniel Thibeault in re: No. 37; Motion is Denied. After careful consideration of the parties' filings in this case and an evidentiary hearing, the Court finds under 18 U.S.C. sec. 3148 that the government has proven by clear and convincing evidence that defendant has violated his conditions of release by contacting victims as he was ordered not to do by the Court on February 24, 2015. The Court further finds, however, that the conditions set by the Court were ambiguous; that the term "victims" was not clearly defined, and that some of the contact was minor. Regarding the government's allegations concerning the defendant's violation of a Preliminary Injunction in a related civil SEC case, (No. 15-cv-10050-NMG), the Court finds that the government has not established probable cause to believe that defendant has committed a crime while on release, i.e., criminal contempt by violation of the Order in that case.Although defendant violated the conditions of release, the Court finds that there are conditions that will assure that defendant will not flee or pose a danger to the safety of any other person or the community, and the Court imposes those conditions, see #61, including electronic monitoring and strict controls on defendant's contact with victims and his business activities. (Lovett, Zita) (Entered: 05/12/2015) |

| 05/21/2015 | 65 | ELECTRONIC NOTICE OF HEARING as to Daniel Thibeault Status Conference set for 5/26/2015 03:00 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 05/21/2015) |
|---|---|---|
| 05/26/2015 | 66 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley: Interim Status Conference as to Daniel Thibeault held on 5/26/2015. Court discussed with parties the fact that several alleged victims have contacted the Court directly concerning Mr. Thibeault's case, and provided the parties with copies of emails and letters from individuals who agreed to have communications provided to parties. Court asks government, pursuant to 18 U.S.C. section 3771, to contact those individuals who have sought to communicate with the court and inform their of their right to be heard and to coordinate future communications with the Court. (Attorneys present: Frank,AUSA; Kotlier, Connolly,deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 05/27/2015) |
| 05/29/2015 | 67 | ELECTRONIC NOTICE OF HEARING as to Daniel Thibeault. The Initial Pretrial Conference has been set for 7/13/2015 02:45 PM in Courtroom 13 before District Judge Leo T. Sorokin. (Simeone, Maria) (Entered: 05/29/2015) |
| 05/29/2015 | 68 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered. as to Daniel Thibeault Order: In light of #62, motion to withdraw by present counsel, and counsel's statements to the Court on May 26, 2015 that he has a conflict and cannot continue to represent defendant, defendant shall appear for hearing re counsel on June 5 at 10:00 a.m. and inform the Court of what progress he has made in retaining an attorney, or whether he wishes to proceed pro se. (Lovett, Zita) (Entered: 05/29/2015) |
| 05/29/2015 | 69 | Set Hearings as to Daniel Thibeault Hearing re Pro Se Status set for 6/5/2015 10:00 AM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 05/29/2015) |
| 05/29/2015 | 70 | ELECTRONIC NOTICE CANCELING HEARING as to Daniel Thibeault. 7/13/15 Initial pretrial conference(Simeone, Maria) (Entered: 05/29/2015) |
| 06/03/2015 | 71 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered. ORDER CANCELING HEARING as to Daniel Thibeault. Order: Hearing on Friday June 5 cancelled due to communication from present counsel that defendant is in process of hiring attorney. Hearing re counsel rescheduled for Tuesday June 16 at 9:30 A.M.. If new counsel files notice of appearance that hearing will be cancelled. (Lovett, Zita) Modified on 6/3/2015 (Lovett, Zita). (Entered: 06/03/2015) |
| 06/03/2015 | 72 | S/Reset Hearings as to Daniel Thibeault Status Conference set for 6/16/2015 09:30 AM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 06/03/2015) |
| 06/16/2015 | 73 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley:Hearing as to Daniel Thibeault held on 6/16/2015. Defendant updates court on status of new attorney appearance since case is moving forward. The court further orders: Defendant is ordered to provide telephone records no later than Monday, June 22 and on the 22nd of each month thereafter. Defendant reports that he is going to retain an attorney and Court instructs him to do so as soon as possible.(Attorneys present: Franke,Perez-Daple AUSA; Kotlier,deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 06/16/2015) |

| 06/30/2015 | 74 | ELECTRONIC NOTICE OF HEARING as to Daniel Thibeault. An Initial Pretrial Conference has been set for 9/29/2015 02:00 PM in Courtroom 13 before District Judge Leo T. Sorokin. (Simeone, Maria) (Entered: 06/30/2015) |
| --- | --- | --- |
| 07/08/2015 | 75 | Set Hearings as to Daniel Thibeault Initial Status Conference set for 7/13/2015 02:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 07/08/2015) |
| 07/13/2015 | 76 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered granting 62 Motion to Withdraw as Attorney. Attorney Jonathan L. Kotlier and Attorney Matthew J. Connolly are terminated as to Daniel Thibeault (1) (MacDougall, Patricia) (Entered: 07/13/2015) |
| 07/13/2015 | 77 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley: Initial Status Conference as to Daniel Thibeault held on 7/13/2015.The Court allows Motion #62, motion to withdraw, and informs defendant that he must either fill out a financial affidavit, represent himself, or hire an attorney as soon as possible. August 13 @ 2:15 PM, Interim Status Conference, defendant shall file discovery motions by Monday, August 10. Defendant shall file dispositive motions by Monday, September 28. Final Status Conference, September 24, 2:15 p.m. See Order on Initial Status Conference. (Attorneys present: Frank,Perez-Daple, AUSA; Connolly, deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 07/14/2015) |
| 07/13/2015 | 78 | Set Hearings as to Daniel Thibeault Interim Status Conference set for 8/13/2015 02:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. Final Status Conference set for 9/24/2015 02:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley. (Lovett, Zita) (Entered: 07/14/2015) |
| 07/13/2015 | 79 | Magistrate Judge M. Page Kelley: ORDER entered. STATUS REPORT as to Daniel Thibeault( Interim Status Conference set for 8/13/2015 02:15 PM in Courtroom 24 before Magistrate Judge M. Page Kelley.), ORDER ON EXCLUDABLE DELAY as to Daniel Thibeault. Time excluded from 7/13/2015 until 8/13/2015. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Lovett, Zita) (Entered: 07/14/2015) |
| 08/13/2015 | 80 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley: Interim Status Conference as to Daniel Thibeault held on 8/13/2015. Case called. Government counsel advises court that more discovery will be provided in 2 weeks. The Federal Defender is appoint by the court to represent Mr. Thibeault. The conference set for Sept. 24, 2015 before MJ Kelley is canceled.SO ORDERED. (Attorneys present: Frank, Perez-Daple, AUSA; Watkins, deft.. )Court Reporter Name and Contact or digital recording information: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov. (Lovett, Zita) (Entered: 08/13/2015) |
| 08/13/2015 | 81 | ELECTRONIC NOTICE CANCELING HEARING OR OTHER DEADLINE as to Daniel Thibeault. Hearing canceled: September 24, 2015 (Lovett, Zita) (Entered: 08/13/2015) |
| 08/31/2015 | 82 | Magistrate Judge M. Page Kelley: ORDER entered. ORDER ON EXCLUDABLE DELAY as to Daniel Thibeault. Time excluded from 8/13/2015 until 9/29/2015. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Lovett, Zita) (Entered: 09/01/2015) |
| 09/03/2015 | 83 | Assented to MOTION to Continue *Interim Status Conference Hearing* to October 5, 2015 as to Daniel Thibeault. (Watkins, Timothy) (Entered: 09/03/2015) |

| 09/16/2015 | 84 | MOTION to Modify Conditions of Release as to Daniel Thibeault. (Watkins, Timothy) (Entered: 09/16/2015) |
|---|---|---|
| 09/17/2015 | 85 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. The government shall file its opposition to 84 MOTION to Modify Conditions of Release filed by Daniel Thibeault no later than 9/22/2015.( Responses due by 9/22/2015) (Montes, Mariliz) (Entered: 09/17/2015) |
| 09/17/2015 | 86 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 83 Motion to Continue as to Daniel Thibeault (1) Interim Status Conference set for 10/5/2015 at 02:00 PM in Courtroom 13 before District Judge Leo T. Sorokin. (Montes, Mariliz) (Entered: 09/17/2015) |
| 09/21/2015 | 87 | Opposition by USA as to Daniel Thibeault re 84 MOTION to Modify Conditions of Release (Frank, Stephen) (Entered: 09/21/2015) |
| 09/21/2015 | 88 | Opposition by USA as to Daniel Thibeault re 84 MOTION to Modify Conditions of Release *((CORRECTED))* (Frank, Stephen) (Entered: 09/21/2015) |
| 09/23/2015 | 89 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered denying 84 Motion to Modify Conditions of Release as to Daniel Thibeault (1) (Montes, Mariliz) (Entered: 09/23/2015) |
| 09/29/2015 | | Terminate Deadlines and Hearings as to Daniel Thibeault: (Simeone, Maria) (Entered: 09/29/2015) |
| 10/05/2015 | 90 | ELECTRONIC Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Interim Status Conference as to Daniel Thibeault held on 10/5/2015. The government informs the court of recent violations of conditions regarding contact with certain individuals the defendant is prohibited from contact with. The Government is seeking phone records from the defendant and have not received them and states orally the defendant should be detained. Defense counsel states contact was regarding scheduling a visit with the defendants ailing wife and inability to obtain the records due to timing and scheduling. The court holds a colloquy with the defendant regarding the conditions of release. The court goes over trial dates. The government states they are ready for trial and suggests spring of 2016. Defense counsel request January 2017 due to voluminous discovery and scheduling. The court sets the trial date for 4/4/16-4/22/16 9:00am. The government goes over the alleged scheme and the evidence it would produce at trial. Counsel address sentencing guidelines. Defense counsel is unsure at the moment regarding the likelihood of a motion to suppress. The court sets a future status conference for 12/9/15 at 2:00pm. ( Jury Trial set for 4/4/2016-4/22/2016 09:00 AM in Courtroom 13 before District Judge Leo T. Sorokin.) Court Reporter Name and Contact or digital recording information: Rachel Lopez at raeufp@gmail.com. (Simeone, Maria) (Entered: 10/06/2015) |
| 10/22/2015 | 91 | Letter (non-motion) regarding impact made by Dan Thibeault's criminal activity as to Daniel Thibeault by Town of Enfield NH Trustees of Trust Funds (Montes, Mariliz) (Entered: 10/29/2015) |
| 12/17/2015 | 92 | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Status Conference as to Daniel Thibeault held on 12/9/2015. The parties inform the status of discovery. Defendant argues that given that Plaintiff will use information on LAOH loans, they will need additional time to review very voluminous material. The Court asks whether evidence on LAOH loans will be needed given that the guidelines wouldn't change. The Government states that the LAOH loans will used to show how funds were invested into something different and re-routed into the operating fund and ultimately into Defendant's pocket. Defendant argues that the Government has not disclosed all the |

| | | |
|---|---|---|
| | | information. Plaintiff states that everything they have been given to the Defendant or has been accessible for viewing. Defendant requests that a Status Conference is scheduled in February as to which witnesses from the Philippines Plaintiff intends to bring at trial. The Court suggests that the parties discuss the theories of the case and that evidence to be presented. The Court inquires as to any thoughts the parties have regarding letter of victim docketed at 91 . Defendant objects to having letter in public docket. A Status Conference is set for 2/3/2016 at 3:15 p.m. The trial date of 4/4/2016 is a firm date. (Attorneys present: Brian Perez-Daple and Stephen E. Frank for the Plaintiff, Timothy Watkins, for the Defendant. )Court Reporter Name and Contact or digital recording information: Rachel Lopez at raeufp@gmail.com. (Montes, Mariliz) Modified on 12/17/2015 (Montes, Mariliz). (Entered: 12/17/2015) |
| 12/17/2015 | 93 | Set Hearings as to Daniel Thibeault A Status Conference is set for 2/3/2016 at 03:15 PM in Courtroom 13 before District Judge Leo T. Sorokin. (Montes, Mariliz) (Entered: 12/17/2015) |
| 02/03/2016 | 96 | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Status Conference as to Daniel Thibeault held on 2/3/2016. Counsel state they are having plea discussions and hope to have the Status Conference set for 3/3/2016 03:00 PM become a rule 11 hearing. Counsel agree to exclude time 2/3/16-3/3/16. Court Reporter Name and Contact or digital recording information: Rachel Lopez at raeufp@gmail.com. (Simeone, Maria) (Entered: 02/04/2016) |
| 02/03/2016 | 97 | District Judge Leo T. Sorokin: ORDER entered. ORDER ON EXCLUDABLE DELAY as to Daniel Thibeault. Time excluded from 2/3/16 until 3/3/16. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Simeone, Maria) (Entered: 02/04/2016) |
| 03/03/2016 | 98 | Letter (non-motion) regarding Graduate Leverage Employees' (i.e., victims of defendant's fraud) claim to restitution as to Daniel Thibeault (Garick, Joshua) (Entered: 03/03/2016) |
| 03/03/2016 | 99 | PLEA AGREEMENT as to Daniel Thibeault (Frank, Stephen) (Entered: 03/03/2016) |
| 03/03/2016 | 100 | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Rule 11 Hearing/Status Conference as to Daniel Thibeault held on 3/3/2016.Counsel hand up the signed plea agreement and waiver of claim and consent to forfeiture to the court. Counsel discuss the victims and the rights to be present at the hearings. The court swears the defendant and the court holds a colloquy. The court summarizes the plea agreement and goes over the sentencing recommendations and guidelines. The defendant will plead guilty to counts 1 and 8 of the indictment, the Government agrees to dismiss counts 2-7 following the imposition of sentence. The Government states the elements of the offense and the factual basis for the plea. The court takes the plea. The defendant enters a plea of guilty to counts 1 and 8. The court finds the defendant fully competent and capable of entering an informed plea, finds the plea knowing and voluntary, therefore the plea is accepted and the defendant is now adjudged as guilty. The Sentencing has been set for 6/16/16 at 2:00PM in courtroom 13. The defendant is released on the same conditions which remain in full force and effect through the date of sentencing. Sentencing set for 6/16/2016 02:00 PM in Courtroom 13 before District Judge Leo T. Sorokin.Court Reporter Name and Contact or digital recording information: Rachel Lopez at raeufp@gmail.com. (Simeone, Maria) (Entered: 03/04/2016) |
| 03/04/2016 | 101 | Case as to Daniel Thibeault no longer referred to Magistrate Judge M. Page Kelley. (Moore, Kellyann) (Entered: 03/04/2016) |
| 03/11/2016 | 102 | NOTICE OF ATTORNEY APPEARANCE Doreen M. Rachal appearing for USA. (Rachal, Doreen) (Entered: 03/11/2016) |

| | | |
|---|---|---|
| 04/25/2016 | 104 | Letter from Warren Kirrane to Judge Sorokin regarding: victim of fraud by Daniel Thibeault (Simeone, Maria) (Entered: 04/25/2016) |
| 04/28/2016 | 105 | MOTION for Forfeiture of Property *(Money Judgment)* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Order of Forfeiture (Money Judgment))(Rachal, Doreen) (Entered: 04/28/2016) |
| 04/29/2016 | 106 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 105 Motion for Forfeiture of Property as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 04/29/2016) |
| 04/29/2016 | 107 | District Judge Leo T. Sorokin: ORDER OF FORFEITURE (MONEY JUDGMENT)entered as to Daniel Thibeault. (Simeone, Maria) (Entered: 04/29/2016) |
| 05/06/2016 | 108 | Transcript of Status Conference as to Daniel Thibeault held on March 3, 2016, before Judge Leo T. Sorokin. Court Reporter Name and Contact Information: Rachel Lopez at raeufp@gmail.com The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 5/27/2016. Redacted Transcript Deadline set for 6/6/2016. Release of Transcript Restriction set for 8/4/2016. (Scalfani, Deborah) (Entered: 05/06/2016) |
| 05/06/2016 | 109 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/caseinfo/transcripts.htm (Scalfani, Deborah) (Entered: 05/06/2016) |
| 05/10/2016 | 110 | Assented to MOTION to Continue *Sentencing* to June 23, 2016 as to Daniel Thibeault by USA. (Frank, Stephen) (Entered: 05/10/2016) |
| 05/11/2016 | 111 | WITHDRAWAL of Motion by USA as to Daniel Thibeault re 110 Assented to MOTION to Continue *Sentencing* to June 23, 2016 filed by USA (Frank, Stephen) (Entered: 05/11/2016) |
| 06/02/2016 | 112 | Letter from Patricia Thibeault as to Daniel Thibeault (DaSilva, Carolina) (DaSilva, Carolina). (Entered: 06/02/2016) |
| 06/03/2016 | 113 | Letter from Elaine Blizzard as to Daniel Thibeault (DaSilva, Carolina) (Entered: 06/06/2016) |
| 06/06/2016 | 114 | Letter from Joyce D. White as to Daniel Thibeault (DaSilva, Carolina) (Entered: 06/06/2016) |
| 06/06/2016 | 115 | *GL Beyond Income Fund's Victim Impact* Letter (non-motion) regarding Sentencing as to Daniel Thibeault (Attachments: # 1 Exhibit A to the GL Beyond Income Fund's Victim Impact Statement)(Walz, Eric) (Entered: 06/06/2016) |
| 06/09/2016 | 116 | MOTION to Strike 115 Letter (non-motion) *Beyond Income Fund's "Victim Impact Statement"* as to Daniel Thibeault. (Watkins, Timothy) (Entered: 06/09/2016) |
| 06/10/2016 | 117 | Response as to Daniel Thibeault: (Walz, Eric) (Entered: 06/10/2016) |
| 06/13/2016 | 118 | Assented to MOTION for Leave to File *Sentencing Memorandum in Excess of Twenty Pages* as to Daniel Thibeault. (Watkins, Timothy) (Entered: 06/13/2016) |
| 06/13/2016 | 119 | SENTENCING MEMORANDUM by Daniel Thibeault (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Watkins, Timothy) (Entered: 06/13/2016) |
| 06/13/2016 | 120 | SENTENCING MEMORANDUM by USA as to Daniel Thibeault (Attachments: # 1 Exhibit A (redacted), # 2 Exhibit B (redacted), # 3 Exhibit C (redacted), # 4 Exhibit D (redacted))(Frank, Stephen) (Additional attachment(s) added on 6/14/2016: # 6 Exhibit A- |

| | | |
|---|---|---|
| | | C Sealed version, # 7 Exhibit D Sealed version) (adminn,sealed versions added 6/14/16 ). Modified on 6/14/2016 (Simeone, Maria). (Entered: 06/13/2016) |
| 06/14/2016 | 121 | *U.S. Securities & Exchange Commission's Victim Impact* Letter (non-motion) regarding Sentencing as to Daniel Thibeault (Israel, Rebecca) (Entered: 06/14/2016) |
| 06/15/2016 | 122 | RESPONSE TO SENTENCING MEMORANDUM by USA as to Daniel Thibeault (Frank, Stephen) (Entered: 06/15/2016) |
| 06/15/2016 | 123 | Letter (non-motion) regarding Impact Statement of Graduate Leverage Employees as to Daniel Thibeault (Garick, Joshua) (Entered: 06/15/2016) |
| 06/15/2016 | 124 | MOTION to Strike 121 Letter (non-motion) *Securities and Exchange Commission's "Victim Impact Letter" or, In the Alternative, to Continue Sentencing* as to Daniel Thibeault. (Attachments: # 1 Exhibit SEC Victim Impact Letter, United States v. Juan Carlos Guillen Zerpa, D.Conn. Docket No. 3:1 l-cr-00076-SRU)(Watkins, Timothy) (Entered: 06/15/2016) |
| 06/16/2016 | 125 | Letter (non-motion) regarding Additional Letters of Support as to Daniel Thibeault (Watkins, Timothy) (Entered: 06/16/2016) |
| 06/16/2016 | 126 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 118 Motion for Leave to File; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 06/16/2016) |
| 06/16/2016 | 127 | Opposition by USA as to Daniel Thibeault re 124 MOTION to Strike 121 Letter (non-motion) *Securities and Exchange Commission's "Victim Impact Letter" or, In the Alternative, to Continue Sentencing*, 116 MOTION to Strike 115 Letter (non-motion) *Beyond Income Fund's "Victim Impact Statement" and 123 Letter (non-motion) regarding Impact Statement of Graduate Leverage Employees as to Daniel Thibeault* (Perez-Daple, Brian) (Entered: 06/16/2016) |
| 06/16/2016 | 128 | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Sentencing held on 6/16/2016 for Daniel Thibeault (1), Count(s) 1, 8. The court hears counsel on the 116 Motion to strike the GL fund and 124 Motion to Strike SEC victim impact statements and denies them both in open court for the reasons stated on the record. The court goes over the PSR and objections with counsel. Defense counsel requests that paragraph 35 be stricken from the report. The government objects. The court denies the request to strike paragraph 35. The government argues for a 4 point enhancement for substantial financial hardship, Defense argues for a 2 point reduction for acceptance of responsibility. The court applies both the 4 point enhancement and the 2 point reduction. The court hears from the victims. The court goes over the guidelines with counsel and hears sentencing recommendations. The defendant addresses the court and his victims. The court sentences the defendant to a term of 108 months incarcerated on counts 1 and 8 to be served concurrently. 3 years of supervised release on counts 1and 8 to run concurrently. The defendant is ordered to make restitution in the amount of $15,300,403.00 to the Trustees of the GL fund. A $200.00 special assessment. The court goes over the conditions to govern the defendants supervised release. The government orally moves to dismiss counts 2-7 in open court and for immediate remand of the defendant. The court allows the motion to dismiss counts 2-7 but denies the request for immediate remand and will allow the defendant to self report to the designated institution on July 28, 2016 by 2:00pm. The conditions of release remain in full force and effect through the date of self report. Court Reporter Name and Contact or digital recording |

| | | |
|---|---|---|
| | | information: Kelly Mortellite at mortellite@gmail.com. (Simeone, Maria) (Entered: 06/17/2016) |
| 06/17/2016 | [129](#) | MOTION to Modify Conditions of Release as to Daniel Thibeault by USA. (Frank, Stephen) (Entered: 06/17/2016) |
| 06/20/2016 | [130](#) | Objection as to Daniel Thibeault: [129](#) MOTION to Modify Conditions of Release filed by USA, 128 Order on Motion to Strike,,,,,,,,,,,,,,,, Sentencing,,,,,,,. (Watkins, Timothy) (Entered: 06/20/2016) |
| 06/20/2016 | 131 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. At sentencing, the government proposed an additional condition of supervised release requiring defendant to cooperate with the Fund Trustees. In light of the express provision of the plea agreement requiring defendant to cooperate with the government in the forfeiture of his assets in satisfaction of the forfeiture judgment entered against him as well as the already imposed condition of supervised release requiring defendant to provide financial information to the U.S. Probation Office (and pay restitution to the Fund), during his term of supervised release, the Court declines to impose a condition of supervised release requiring cooperation with the Trustees of the Fund as any such condition is largely duplicative of existing conditions. Thus, defendant's objection (#130) is SUSTAINED. The Government has moved to impose this same requirement as a condition of defendant's release pending self-surrender. This Motion (#129) is DENIED. It duplicates the cooperation provision in the existing plea agreement. In addition, the bail statute requires the Court to impose the least restrictive conditions necessary to reasonably assure the defendant's appearance. This proposed condition has no relationship to defendant's risk of flight. re [129](#) Motion to Modify Conditions of Release as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 06/20/2016) |
| 06/20/2016 | [132](#) | District Judge Leo T. Sorokin: ORDER entered. JUDGMENT as to Daniel Thibeault (1), Count(s) 1, 8, The court sentences the defendant to a term of 108 months incarcerated on counts 1 and 8 to be served concurrently. 3 years of supervised release on counts 1and 8 to run concurrently. The defendant is ordered to make restitution in the amount of $15,300,403.00 to the Trustees of the GL fund. A $200.00 special assessment. (Simeone, Maria) (Entered: 06/20/2016) |
| 09/13/2016 | [134](#) | MOTION for Forfeiture of Property *(Preliminary) for Substitute Assets in Partial Satisfaction of Money Judgment* as to Daniel Thibeault by USA. (Attachments: # [1](#) proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment)(Rachal, Doreen) (Entered: 09/13/2016) |
| 09/14/2016 | 135 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. as to Daniel Thibeault The government shall file the certificate of conferral required under the Local Rules within three business days in re [134](#) MOTION for Forfeiture of Property. ( Government's Certificate of Conferral due by 9/19/2016) (Montes, Mariliz) (Entered: 09/14/2016) |
| 09/19/2016 | [136](#) | CERTIFICATE OF CONSULTATION pursuant to LR 7.1 re [134](#) MOTION for Forfeiture of Property *(Preliminary) for Substitute Assets in Partial Satisfaction of Money Judgment* by Doreen M. Rachal on behalf of USA as to Daniel Thibeault (Rachal, Doreen) (Entered: 09/19/2016) |
| 09/21/2016 | | Terminate Deadlines and Hearings as to Daniel Thibeault: (Montes, Mariliz) (Entered: 09/21/2016) |
| 09/26/2016 | 137 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting [134](#) Motion for Forfeiture of Property as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 09/26/2016) |
| 09/26/2016 | [138](#) | District Judge Leo T. Sorokin: ORDER entered. PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF |

| | | MONEY JUDGMENT as to Daniel Thibeault. (Montes, Mariliz) (Montes, Mariliz). (Entered: 09/26/2016) |
|---|---|---|
| 12/21/2016 | 139 | Service by Publication as to Daniel Thibeault. (Rachal, Doreen) (Entered: 12/21/2016) |
| 01/04/2017 | 145 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Graduate Leverage, LLC served, delivered on 12/21/2016. (Montes, Mariliz) (Entered: 01/11/2017) |
| 01/04/2017 | 146 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Investment, LLC served, delivered on 12/21/2016. (Montes, Mariliz) (Entered: 01/11/2017) |
| 01/04/2017 | 147 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Darlene Oaks served, delivered on 12/9/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 148 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Joshua Garrick served, delivered on 12/8/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 149 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Timothy G. Watkins, Esq. served, delivered on 1/4/2017. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 150 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Matthew J. Connolly, Esq. served, delivered on 12/8/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 151 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Taft Financial Services, LLC served, delivered on 12/13/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 152 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Capital served, delivered on 12/13/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 153 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Stephen C. Reilly, Esq. served, delivered on 12/13/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/04/2017 | 154 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Daniel Thibeault served, delivered on 12/13/2016. (Montes, Mariliz) (Entered: 01/12/2017) |
| 01/06/2017 | 141 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Daniel Thibeault served, delivered on 1/5/2017. (Montes, Mariliz) (Entered: 01/09/2017) |
| 01/06/2017 | 142 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Advisor Solutions Inc. served, delivered on 1/5/2017. (Montes, Mariliz) (Entered: 01/09/2017) |
| 01/06/2017 | 143 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Capital Partners, LLC served, delivered on 12/27/2016. (Montes, Mariliz) (Entered: 01/09/2017) |
| 01/06/2017 | 144 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. 3 parcels of land with buildings situated in the Town of Dorchester, County of Grafton and State of NH served, delivered on 1/4/2017. (Montes, Mariliz) (Entered: 01/09/2017) |
| 01/08/2017 | 140 | Letter (non-motion) regarding Notice of Claim to Forfeited Assets as to Daniel Thibeault *by certified class of Graduate Leverage, LLC employees* (Garick, Joshua) (Main Document 140 replaced on 1/9/2017) (Caruso, Stephanie). (Additional attachment(s) added on 1/9/2017: # 1 Exhibit A) (Caruso, Stephanie). Modified on 1/9/2017 to attach Exhibit A as a separate PDF (Caruso, Stephanie). (Entered: 01/08/2017) |
| 01/24/2017 | 155 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Graduate Leverage, LLC served: unable to serve. (Montes, Mariliz) Modified on 2/6/2017 (Montes, Mariliz). (Entered: 02/06/2017) |

| 01/24/2017 | 156 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. /taft Financial Services, LLC: unable to serve. (Montes, Mariliz) Modified on 2/6/2017 (Montes, Mariliz). (Entered: 02/06/2017) |
|---|---|---|
| 01/24/2017 | 157 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Capital: unable to serve. (Montes, Mariliz) (Entered: 02/06/2017) |
| 01/24/2017 | 158 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Capital Partners, LLC : unable to serve. (Montes, Mariliz) (Entered: 02/06/2017) |
| 01/24/2017 | 159 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Investment Services, LLC : unable to serve. (Montes, Mariliz) (Entered: 02/06/2017) |
| 02/03/2017 | 160 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Grafton County Registry of Deeds served, delivered on 1/6/2017. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 161 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture to: all funds on deposit in Charles Schwab brokerage account: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 162 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture to: all funds on deposit in Charles Schwab brokerage account ending 1040: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 163 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 0280: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 164 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 1862: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 165 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture.:all funds on deposit in Charles Schwab brokerage account ending 3484: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 166 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 6359: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 167 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 1631: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 168 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 7118: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 169 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 8645: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 170 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 0394: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |

| | | |
|---|---|---|
| 02/03/2017 | 171 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 2409: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 172 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Charles Schwab brokerage account ending 2130: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 173 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: one 2011 Mercedes Benz Sprinter Jetvan, bearing vehicle Identification No. WD3PE8CC4B5549057: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 174 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all proceeds of any settlement resulting from any claim by the Defendant arising out of the bankruptcy of MF Global: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 175 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. all tax refunds payable to the Defendant for the period 2013 to the present: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 176 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Interactive Brokers brokerage account ending 4236: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 177 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in Bank of America account no. ending 3639: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 02/03/2017 | 178 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture: all funds on deposit in the Union Bank of the Philippines account ending 0425: unable to serve. (Montes, Mariliz) (Entered: 02/10/2017) |
| 03/10/2017 | 179 | Final MOTION for Forfeiture of Property *(for Substitute Assets in Partial Satisfaction of Money Judgment)* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment) (Rachal, Doreen) (Entered: 03/10/2017) |
| 03/13/2017 | 180 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. as to Daniel Thibeault In re 179 Final MOTION for Forfeiture of Property, The United States shall file a short supplemental memo addressing the following points: (1) the amount of funds subject to this Forfeiture Order and (2) the disposition of the funds, e.g. whether the funds subject to the final order of forfeiture will benefit the victims of these offense, remit to the general fund of the United States Treasury or remit to another fund. (Montes, Mariliz) (Entered: 03/13/2017) |
| 03/15/2017 | 181 | MEMORANDUM in Support by USA as to Daniel Thibeault re 179 Final MOTION for Forfeiture of Property *(for Substitute Assets in Partial Satisfaction of Money Judgment)* (Rachal, Doreen) (Entered: 03/15/2017) |
| 03/16/2017 | 182 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. ALLOWED. After completion of the forfeiture process, the government shall report the amount of funds forfeited and the amount remitted to the victims from the forfeited funds. re 179 Motion for Forfeiture of Property as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 03/16/2017) |
| 03/16/2017 | 183 | District Judge Leo T. Sorokin: ORDER entered. FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT as to Daniel Thibeault. (Montes, Mariliz) (Entered: 03/22/2017) |

| 03/31/2017 | 184 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. TD Bank Cashier's Check No. 31222692-0 in the amount of $29,681.23 in US currency served, delivered on 3/28/2017. (Montes, Mariliz) (Entered: 04/03/2017) |
|---|---|---|
| 04/07/2017 | 185 | US Marshal Process Receipt and Return for Order of Forfeiture (Money Judgment). Wells Fargo Cashier's Check No. 0011603628 in the amount of $21, 997.33 deposited to SADF on 3/22/2017. (Montes, Mariliz) (Entered: 04/12/2017) |
| 04/28/2017 | 186 | MOTION for Forfeiture of Property *(Preliminary) for Substitute Assets in Partial Satisfaction of Money Judgment* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment)(Rachal, Doreen) (Entered: 04/28/2017) |
| 04/28/2017 | 188 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. Steven Whitley, Esq. served, delivered on 4/15/2017. (Montes, Mariliz) (Entered: 05/04/2017) |
| 04/28/2017 | 189 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. Darlene Oaks, Esq. served, delivered on 4/15/2017. (Montes, Mariliz) (Entered: 05/04/2017) |
| 04/28/2017 | 190 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. Grafton County Registry of Deeds served and recorded on 4/6/2017 (Book 4276 page 0530). (Montes, Mariliz) (Entered: 05/04/2017) |
| 05/01/2017 | 187 | District Judge Leo T. Sorokin: ORDER entered granting 186 Motion for Forfeiture of Property as to Daniel Thibeault (1) (Montes, Mariliz) (Simeone, Maria). Modified on 5/1/2017 (Simeone, Maria). (Entered: 05/01/2017) |
| 05/12/2017 | 191 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. all funds ($56,501.27) on deposit in the Maxim Group brokerage account no. ending 1631 held in the name of Daniel Thibeault, disposed on 5/9/2017. (Montes, Mariliz) (Entered: 05/15/2017) |
| 06/09/2017 | 192 | MOTION to Strike 140 Letter (non-motion), as to Daniel Thibeault by USA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23)(Rachal, Doreen) (Entered: 06/09/2017) |
| 06/19/2017 | 193 | NOTICE OF ATTORNEY APPEARANCE: Joshua N. Garick appearing for Interested Party Jennifer Jalbert *individually, and on behalf of all others similarly situated (the "Employee Victims")* (Garick, Joshua) (Entered: 06/19/2017) |
| 06/19/2017 | 194 | Opposition by Jennifer Jalbert as to Daniel Thibeault re 192 MOTION to Strike 140 Letter (non-motion), (Attachments: # 1 Ex. A: Brief in SEC case, # 2 Ex. B: Attachment Orders, # 3 Ex. C: Order Charging Trustee, # 4 Ex. D: Rescission of Order Charging Trustee)(Garick, Joshua) (Entered: 06/19/2017) |
| 06/26/2017 | 195 | MOTION for Leave to File *Reply Brief in Support of Motion to Strike* as to Daniel Thibeault by USA. (Rachal, Doreen) (Entered: 06/26/2017) |
| 06/27/2017 | 196 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 195 United States' Motion for Leave to File a Reply Brief in Support of Motion to Strike; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document as to Daniel Thibeault (1) (Montes, Mariliz) (Entered: 06/27/2017) |

| 07/05/2017 | 206 | US Marshal Process Receipt and Return per Partial Final Order of Forfeiture: One 2011 Mercedes Sprinter Jetvan, bearing vehicle identification number WD3PE8CC4B5549057 disposed on 5/28/2017. (Montes, Mariliz) (Entered: 08/09/2017) |
| --- | --- | --- |
| 07/12/2017 | 197 | Service by Publication as to Daniel Thibeault. (Rachal, Doreen) (Entered: 07/12/2017) |
| 07/18/2017 | 198 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Timothy G. Watkins, Esq. served, delivered on 6/12/2017. (Montes, Mariliz) (Entered: 07/19/2017) |
| 07/18/2017 | 199 | US Treasury Process Receipt and Return for Preliminary Order of Forfeiture. Joshua Garrick, Esq. served. Delivered on 6/12/2017. (Montes, Mariliz) (Entered: 07/19/2017) |
| 07/18/2017 | 200 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Capital Partners, LLC: Delivered 7/17/2017 (Montes, Mariliz) Modified on 7/19/2017 (Montes, Mariliz). (Entered: 07/19/2017) |
| 07/18/2017 | 201 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Investment Services, LLC served, delivered on unable to serve. (Montes, Mariliz) (Entered: 07/19/2017) |
| 07/18/2017 | 202 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Graduate Leverage, LLC: unable to serve. (Montes, Mariliz) (Entered: 07/19/2017) |
| 07/18/2017 | 203 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Advisor Solutions, Inc.: unable to serve. (Montes, Mariliz) (Entered: 07/19/2017) |
| 07/18/2017 | 204 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Stephen C. Reilly, Esq. served, delivered on 6/12/2017. (Montes, Mariliz) (Entered: 07/19/2017) |
| 08/04/2017 | 205 | REPLY TO RESPONSE to Motion by USA as to Daniel Thibeault re 195 MOTION for Leave to File *Reply Brief in Support of Motion to Strike Jennifer Jalbert's Claim* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Rachal, Doreen) (Entered: 08/04/2017) |
| 08/16/2017 | 207 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Taft Financial Services, LLC: unable to serve. (Montes, Mariliz) (Entered: 08/18/2017) |
| 08/16/2017 | 208 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. Matthew J. Connolly, Esq. served, delivered on 8/10/2017. (Montes, Mariliz) (Entered: 08/18/2017) |
| 09/20/2017 | 209 | STATUS REPORT by USA as to Daniel Thibeault (Rachal, Doreen) (Entered: 09/20/2017) |
| 09/21/2017 | 214 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. GL Capital: unable to locate company. (Montes, Mariliz) (Entered: 12/13/2017) |
| 11/20/2017 | 210 | MOTION for Forfeiture of Property *for Substitute Assets in Partial Satisfaction of Money Judgment* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment)(Rachal, Doreen) (Entered: 11/20/2017) |
| 11/21/2017 | 211 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 210 United States' Motion for Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment as to Daniel Thibeault (1) (Montes, Mariliz) (Entered: 11/21/2017) |
| 11/21/2017 | 212 | District Judge Leo T. Sorokin: ENDORSED ORDER entered. PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT as to Daniel Thibeault. (Montes, Mariliz) (Entered: 11/21/2017) |

| 11/28/2017 | 213 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. all funds on deposit in Charles Schwab brokerage acct. # 7118 held in the name of Daniel Thibeault served, delivered on 11/14/2017. (Montes, Mariliz) (Entered: 12/08/2017) |
|---|---|---|
| 12/01/2017 | 220 | Preliminary Order of Forfeiture. US Marshal Process Receipt and Return for $9,171.45 in US currency. In USMS custody on 11/28/2017. (Montes, Mariliz) (Entered: 01/29/2018) |
| 12/21/2017 | 215 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>The Jalbert Petition (Doc. No. 140) is DENIED for the following reasons. First, it is procedurally deficient under 21 U.S.C. Section 853(p) and Rule 32.2 of the Federal rules of Criminal Procedure in that it is unsigned and not timely filed. Ortiz-Cameron v. Drug Enf't Admin., 139 F.3d 4, 6 (1st Cir. 1998); United States v. One Men's Rolex Pearl Master Watch, 357 F. App'x 624, 627 (6th Cir. 2009). Second, the United States (and thus the crime victims) has superior legal title as its title vested at the time of the crimes, United States v. $ 557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 76-77 (2d. Cir. 2002), an issue already adversely determined against Jalbert, and others similarly situated ("the Jalbert employees"), in a related proceeding, which also binds the Jalbert employees under res judicata principles, Sec. & Exch. Comm'n v. Thibeault, No. CV 15-10050-NMG, 2017 WL 2661631, at *2 (D. Mass. June 20, 2017). Finally, the Jalbert employees are not victims of Thibeault's crimes; Thibeault was convicted of a scheme to defraud investors in the mutual fund he managed. At sentencing the Court determined the victims, Doc. No. 132 at 6, and the Jalbert employees were not determined to be crime victims. Thus, the letter notice of claim (Doc. No. 140) is DENIED and the Motion to Strike (Doc. No. 192) is ALLOWED IN PART, as set forth herein, and DENIED IN PART AS MOOT. (Montes, Mariliz) (Entered: 12/21/2017) |
| 12/22/2017 | 216 | MOTION for Forfeiture of Property *(Preliminary - for Substitute Assets in Partial Satisfaction of Money Judgment)* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment)(Rachal, Doreen) (Entered: 12/22/2017) |
| 01/10/2018 | 217 | Service by Publication as to Daniel Thibeault. (Rachal, Doreen) (Entered: 01/10/2018) |
| 01/11/2018 | 218 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 216 Motion for Forfeiture of Property as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 01/11/2018) |
| 01/11/2018 | 219 | District Judge Leo T. Sorokin: PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT entered as to Daniel Thibeault. (Simeone, Maria) (Entered: 01/11/2018) |
| 02/09/2018 | 221 | NOTICE *of Address Change of Joshua N. Garick, counsel for the employee victims* by Jennifer Jalbert as to Daniel Thibeault (Garick, Joshua) (Entered: 02/09/2018) |
| 02/13/2018 | 222 | US Marshal Process Receipt and Return for Preliminary Order of Forfeiture. First Commons Bank Account ****3622 held in the name of Graduate Leverage Capital Management, LLC served. $4,000 seized on 2/12/2018. (Montes, Mariliz) (Entered: 02/15/2018) |
| 06/29/2018 | 223 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture. Disposal of 3 parcels of land situated in the towns of Dorchester, Grafton and the State of NH on 5/31/2018. (Montes, Mariliz) (Entered: 07/09/2018) |
| 08/13/2018 | 224 | Service by Publication as to Daniel Thibeault. (Rachal, Doreen) (Entered: 08/13/2018) |
| 09/25/2018 | 225 | Notice of Service of Process filed by USA as to Daniel Thibeault. Individual(s)/Entities served: Daniel Thibeault; Timothy G. Watkins, Esquire; Stephen C. Reilly, Esquire; |

| | | |
|---|---|---|
| | | Joshua N. Garick, Esquire; and Matthew Connolly, Esquire. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rachal, Doreen) (Entered: 09/25/2018) |
| 10/17/2018 | 226 | Final MOTION for Forfeiture of Property *for Substitute Assets in Partial Satisfaction of Money Judgment* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment)(Rachal, Doreen) (Entered: 10/17/2018) |
| 10/18/2018 | 227 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 226 United States' Motion for Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment as to Daniel Thibeault (1) (Montes, Mariliz) (Entered: 10/18/2018) |
| 10/18/2018 | 228 | District Judge Leo T. Sorokin: ENDORSED ORDER entered. FINAL ORDER FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT as to Daniel Thibeault. (Montes, Mariliz) (Entered: 10/18/2018) |
| 10/19/2018 | 229 | NOTICE of Withdrawal of Appearance by Government Attorney Doreen M. Rachal as to Daniel Thibeault (Rachal, Doreen) (Entered: 10/19/2018) |
| 10/19/2018 | | Attorney update in case as to Daniel Thibeault. Attorney Doreen M. Rachal terminated. (Montes, Mariliz) (Entered: 10/19/2018) |
| 12/03/2018 | 230 | US Marshal Process Receipt and Return for Final Order of Forfeiture. First Commons Bank, account # ending in 3622, held in the name of Graduate Capital Management LLC: disposal of check in the amount of $4000 made payable to US Marshal on 10/23/2018 in accordance with Final Order of Forfeiture. (Montes, Mariliz) (Entered: 12/03/2018) |
| 12/03/2018 | 231 | US Marshal Process Receipt and Return for Final Order of Forfeiture. Dispose of $9171.45 in accordance with Final Order of Forfeiture on 10/23/2018. (Montes, Mariliz) (Entered: 12/03/2018) |
| 12/03/2018 | 232 | US Marshal Process Receipt and Return for Final Order of Forfeiture. $21,997.33 US currency received on 10/23/2018 in accordance with the the Final Order of Forfeiture. (Montes, Mariliz) (Entered: 12/03/2018) |
| 12/21/2018 | 233 | Final MOTION for Forfeiture of Property *for Substitute Assets in Partial Satisfaction of Money Judgment* as to Daniel Thibeault by USA. (Attachments: # 1 proposed Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment)(Head, Carol) (Entered: 12/21/2018) |
| 01/02/2019 | 234 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 233 Motion for Forfeiture of Property as to Daniel Thibeault (1) (Simeone, Maria) (Entered: 01/02/2019) |
| 01/02/2019 | 235 | District Judge Leo T. Sorokin: FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT as to Daniel Thibeault entered. (Simeone, Maria) (Entered: 01/02/2019) |
| 05/20/2019 | 236 | US Marshal Process Receipt and Return : Final Order of Forfeiture served on 5/15/2019. No payment seized from Bank of America account # ending in 3639 held in the name of GL Entities. (Montes, Mariliz) (Entered: 05/21/2019) |
| 05/20/2019 | 237 | US Marshal Process Receipt and Return : Final Order of Forfeiture served on 5/16/2019. Payment of $4330.32 transferred to AFF from Bank of America account # ending in 2130 held in the name of Daniel Thibeault. (Montes, Mariliz) (Entered: 05/21/2019) |
| 05/20/2019 | 238 | US Marshal Process Receipt and Return : Final Order of Forfeiture served on 5/16/2019. $226,570.57 transferred to AFF from Bank of America account # ending in 2409 held in the name of Daniel Thibeault. (Montes, Mariliz) (Entered: 05/21/2019) |

| 06/24/2019 | 239 | US Marshal Process Receipt and Return for all funds on deposit in TD Bank account no. ending in 8645 held in the name of GL Entities deposited on 6/6/2019. (Montes, Mariliz) (Entered: 06/24/2019) |
| --- | --- | --- |
| 06/24/2019 | 240 | US Marshal Process Receipt and Return for all funds on deposit in Charles Schwab account no. ending in 6359 held in the name of GL Entities deposited on 5/2/2019. (Montes, Mariliz) (Entered: 06/24/2019) |
| 06/24/2019 | 241 | US Marshal Process Receipt and Return for all funds on deposit in TD Bank account no. ending in 0394 held in the name of GL Entities deposited on 6/6/2019. (Montes, Mariliz) (Entered: 06/24/2019) |
| 02/26/2020 | 242 | US Marshal Process Receipt and Return for Partial Final Order of Forfeiture: One 2011 Mercedes Sprinter Jetvan, bearing vehicle ID # WD3PE8CCB5549057 disposed at auction on 2/10/2020. (Montes, Mariliz) (Entered: 02/26/2020) |
| 02/12/2024 | 243 | Memorandum from Probation regarding Proposed Payment Plan as to Daniel Thibeault. Requested action: Signature Required. (Graham, Colin) (Entered: 02/12/2024) |
| 02/13/2024 | 244 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered as to Daniel Thibeault re 243 Probation - Request/Memo.<br><br>ALLOWED. (Belmont, Kellyann) (Entered: 02/13/2024) |
| 10/10/2024 | 245 | NOTICE of Withdrawal of Appearance by Government Attorney Stephen E. Frank as to Daniel Thibeault (Frank, Stephen) (Entered: 10/10/2024) |
| 10/10/2024 | | Attorney update in case as to Daniel Thibeault. Attorney Stephen E. Frank terminated. (Dore, Samantha) (Entered: 10/10/2024) |